[No. 707. Decided November 23, 1892.]

EZRA M. MEEKER, *Appellant*, v. OTIS SPRAGUE, *Receiver of the Tacoma & Puyallup Railroad Company*, AND R. F. RADEBAUGH, *Respondents*.

RECEIVERS — APPLICATION TO SUE — DISCRETION OF COURT — APPEALABLE ORDER.

An application to the superior court to be allowed to bring an action against a receiver in a cause pending in such court is a special proceeding within the meaning of the statute governing appeals, and an order denying such application is appealable for the reason that it finally disposes of the rights of the parties in such proceeding.

Where a court of equity has regularly secured jurisdiction in a suit against an insolvent corporation, and has appointed a receiver to take possession of all its property, an application made by a party for permission to sue the receiver is addressed to the sound discretion of the court, and an order denying such application will be upheld unless it is made to appear that the discretion thus vested in the court has been abused.

Where a court has, in a suit in equity, regularly acquired full jurisdiction, not only of the property of an insolvent corporation, but also of all the parties' interests therein, and has appointed a receiver for the corporation, the refusal of the court to allow a mortgagee of the corporation to institute foreclosure proceedings in a separate suit against the receiver is not an abuse of the discretion vested in the court, although the mortgagee may allege that the property upon which he has a first lien will be charged with a greater proportion of the expenses of the receivership than would be just, and that by the terms of a deed given by the corporation to the receiver of all its property there seems to be a preference in favor of certain lien claims as against the claim of the mortgagee.

*Appeal from Superior Court, Pierce County.*

*Heilig & Hartman,* and *Greene & Turner,* for appellant.

*Pritchard, Stevens, Grosscup & Seymour,* and *F. A. Huffer,* for respondents.

The opinion of the court was delivered by

HOYT, J.—Appellant seeks by this appeal to reverse an order of the lower court denying his application to be allowed to bring an action against a receiver for the purpose of foreclosing certain mortgages held by him upon property owned by the corporation defendant in the action in which said receiver had been appointed. Respondent moves this court to dismiss the appeal on the ground that such order is not a final order within the meaning of our statute relating to appeals. We think that such application was a special proceeding within the meaning of such statute, and that as the order made therein finally disposed of the rights of the parties in such proceeding, it was a final one, and that an appeal therefrom will lie to this court. The motion to dismiss must, therefore, be denied.

It appears from the record before us that a complaint had been duly filed against the defendant corporation alleging its insolvency, and asking the appointment of a receiver, and that all persons having liens upon any of the property of such corporation should be brought into court, to the end that the rights of all might be therein adjudicated. And such proceedings had been had in the action that a receiver had been duly appointed to take possession of the property of the corporation, and that those holding liens thereon had been, pursuant to an order of the court, notified to appear in said action, and there wage their claims for relief. Among those brought in by this notice was the appellant herein. After having been thus brought into the original action he filed in said court the petition upon which the order was made from which this appeal is prosecuted. Under the circumstances disclosed by the record, will this court reverse the order denying the application for leave to sue? It will be seen that a court of equity had regularly secured jurisdiction in a suit against this corpo-

ration, which, for the purposes of this appeal, must be admitted to have been and still be an insolvent corporation; that in such suit a receiver had been regularly appointed to take possession of all the property of such corporation; that under this state of facts the appellant sought leave of the court to wage an independent suit in equity against such corporation. Under these circumstances it is clear to us that the application thus made by appellant was addressed to the sound discretion of the court in which it was presented. This is so clear from the authorities cited that we do not think it necessary to argue the question, especially as we do not understand the appellant to seriously dispute the proposition. Such application having been thus addressed to the discretion of the trial court, it must stand, unless from the record of the case we are able to find affirmatively that in denying such application the discretion thus vested in the lower court was abused. The court had in a suit in equity regularly acquired full jurisdiction not only of the property of the defendant corporation, but also of all the parties interested therein, and this being so it seems to us that such court did only what it should have done when it refused to allow another suit in equity to be instituted, which, when so instituted, could in no manner give the court any additional jurisdiction, either of the subject matter or of the parties. The only result which could have been reached by allowing such new suit to have been instituted, instead of compelling appellant's rights to be asserted in the original action, would have been to increase the costs of a full and complete adjudication of all the matters necessary to be determined before a final and full adjustment of the affairs of such corporation could be had.

We have not lost sight of the argument presented on the part of the appellant in which he has sought to show that

he has reason to fear that the property upon which he has a first lien will be charged with a greater proportion of the expenses of the original suit and the receivership than would be just and fair, nor of his claim that by the terms of the deed which the receiver, by order of the court, was allowed to accept from the insolvent corporation, there seems to be a preference in favor of certain lien claims as against his claim. But the first assumption assumes a fact which this court would never presume, and which it could only act upon after the clearest proof in regard thereto, and then only through the regular channels by appeal. It cannot for a moment be presumed in aid of the contention of the appellant that the lower court will not do as full and exact justice to each person or corporation claiming a lien upon any of the property of the defendant corporation when presented in such original suit as it would when presented by means of an independent action. It would be the duty of such court to determine each of the claims presented in said original action by the same rules, and grant to them the same rights, as it would if each of the claimants were a plaintiff in an independent action. While each of them will be adjudicated in the original action, they will be so adjudicated upon the facts of the particular claim as related to the entire property of the corporation. And in the adjustment of the expenses incident to such suit, and of the services of the receiver, the principles of equity will, of course, be applied. And if any of the liens are upon property over which the receiver has but a nominal control, it will, of course, be the duty of the trial court to see that the holders thereof are protected from having their security, in any material degree, decreased by the costs and expenses incident to the receivership.

And upon the question of the effect of the deed from the corporation to the receiver, it seems to us clear that it can

in no manner affect the rights of the appellant.   Such corporation could not convey to the receiver any of his rights, and the court will see to it that in the final adjustment of the rights of all the claimants the appellant, together with all others like situated, is protected against any diversion or attempted diversion of the property upon which he had a first lien to the payment of subsequent liens, of whatever nature or kind they may be.   The main reason urged by the appellant why he should be allowed to wage his separate suit, was a claim upon his part that he feared full justice would not be done him in the original action; but as far as we can see there is absolutely nothing in the record which warrants any such assumption on his part.   So far as we can see, all of his rights can be as well protected and enforced in the original suit as in an independent action. This being true, and it being conceded that the costs and expenses will be somewhat decreased if all these matters are adjudicated in the original action, it is evident that it was the plain duty of the court below to require them thus to be adjudicated.

The order appealed from must be affirmed.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.