## Fox River Paper Co. v. Western Envelope Co. et al.

1. APPELLATE COURT PRACTICE—*When Appellee Fails to Furnish a Brief.*—Where an appellee fails to furnish any brief, the decree of the court below may be reversed under rule 29.

2. CHANCERY PLEADING—*Effect of the Absence of an Averment in Pleading that Leave of Court Appointing Receivers Has Been Obtained, to File Creditor's Bill Against Them.*—The absence of an allegation in the pleadings that leave of the court appointing receivers has been obtained to the filing of a creditor's bill against the receivers, is not under any and all circumstances fatal to the pleading. If the action brought does not contemplate interfering with the possession of the receivers over the property entrusted to their charge, no leave need be obtained, and the absence of leave and absence of an averment to that effect is a matter which does not go to the jurisdiction of the court; it is a mere matter of contempt and not of jurisdiction.

3. SAME—*Receivers Waive Absence of Averment in Pleading that Leave Was Obtained, by Their Appearance.*—Receivers waive all questions of the absence of an averment in pleading that leave of court appointing them has been obtained to bring suit, by entering their appearance, and after such appearance the court will not entertain a motion to dismiss on such grounds.

4. SAME—*Leave to File Bill Need Not be Shown by Pleading Where Record Shows it.*—Where the same court which appointed the receivers has granted leave to file an amended bill against such receivers, such action amounts to leave to prosecute the suit and that court does not need by either pleading or evidence to be informed of such fact.

5. RECEIVERS—*Reason for Rule that Leave to Bring Suit Must be Granted by Court Controlling Them.*—The rule that leave to bring suit against receivers must be granted by the court which has control of the receivers is established to prevent collision of different jurisdictions and not as an unbending prerequisite to all pleadings against receivers.

6. SAME—*Whether Independent Suit or Intervening Petition Should be Brought, a Matter of Discretion with the Court.*—The question

whether an independent action shall be brought against receivers or the parties be allowed to intervene in the suit in which the receiver was appointed rests within the discretion of the court.

Creditor's Bill.—Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the February term, 1903. Reversed in part and affirmed in part. Opinion filed June 15, 1903.

Appellee Western Envelope Company is a corporation located at the city of Centralia, where it had a plant, with buildings, machinery and the requisite appliances for manufacturing envelopes, in which business it was engaged.

On the 21st of May, 1898, the company, for the purpose of raising money to carry on its business, issued and negotiated $30,000 of its bonds, bearing interest at six per cent per annum, and to secure their payment it executed and delivered to the St. Louis Trust Company a trust deed of its real estate, in the city of Centralia, particularly describing it, with other of its property, described in its trust deed as follows:

"Also all envelope machines, printing presses, lathes, cutting machines, electric motors, gumming machines, thimble machines, shafting, belting, pulleys, factory, factory furniture and fixtures, office furniture and fixtures, appurtenances, apparatus and supplies belonging to or used in connection with its said envelope factory and business which it now owns or may hereafter acquire in possession, remainder, reversion or otherwise."

The trust deed was duly recorded in the recorder's office of Marion county, where the property was situated.

On the 14th of September, 1900, appellee Benjamin P. Crane, a bondholder of the envelope company, commenced a suit in chancery in the Circuit Court of Marion County, against the envelope company and the St. Louis Trust Company, to foreclose the trust deed; and on the 24th of the same month, appellees R. O. Brigham and W. E. Davis were appointed receivers of the property described in the trust deed, and within three days thereafter filed their bonds as receivers and entered upon the discharge of their duties as such officers.

On October 10, 1900, the court entered a decree foreclosing the trust deed and finding that there was due to the secured creditors as follows: To Benjamin P. Crane, $11,415; to the Bryant Paper Company, $22,830; to F. Buchler, $76.63; to C. A. Glore, $582.41; to George Meyer, $81.75; to C. B. Kurth, $64.63, and to various of the parties there was due $981 for solicitor's fees in the case, all of the parties being defendants in this suit.

The decree directed the envelope company to pay the several sums so found due, with interest and costs, within thirty days thereafter, and in default thereof that the property be sold by the master in chancery to make the sums found due.

Default having been made by the envelope company in the payment of the sums before named, the property in the possession of the receivers was sold by the master to appellees Herbert H. Everard, Frank H. Milham, James E. MacMurray and Arthur H. Swett.

Prior to the 20th of August, 1900, appellee, Western Envelope Company, became indebted to appellant in a sum exceeding $5,000, and on the 21st of January, 1901, appellant recovered a judgment against the envelope company in the Circuit Court of Marion County for the sum of $3,599.80 and costs of suit, and on the 22d of January of the same year, appellant recovered another judgment against the envelope company in the Superior Court of Cook County, in this state, for the sum of $1,667.84, and costs of suit. Executions were immediately issued on said judgments directed to the sheriff of Marion county to execute, and on or before the return days thereof, the sheriff returned the said executions wholly unsatisfied, because he was unable to find any property of the envelope company on which he could levy to satisfy the writs, or either of them or any part of them. Thereafter and on the 13th of February, 1901, appellant brought its creditor's bill in the Circuit Court of Marion County, against all of appellees, to reach property of the envelope company that was not embraced in the trust deed. To this bill (which is not

abstracted, nor is it necessary it should be) appellees inter-
posed seven several and distinct general demurrers, all of
which the court sustained; thereupon appellant asked leave
of the court to file an amended bill, which was granted, and
on the 21st of September, 1901, appellant filed its amended
creditors' bill, to which all of appellees demurred by seven
distinct general demurrers.    The demurrers were each and
all severally sustained and the court entered a sweeping
order dismissing the bill at appellant's costs.

It is charged in the bill that at the time R. O. Brigham
and W. E. Davis were appointed receivers of the envelope
company, the company " was the owner and in possession
of a large amount of other property, not covered by said
deed of trust, nor mentioned therein, to wit, paper stock on
hand, stock manufactured and in process of manufacture,
of every nature and description, and a large amount of
stocks, bonds, obligations, choses in action, accounts, rights
under contract, and cash, the exact amount and description
of which is unknown to your orator; that at the time said
receivers took possession of the property covered by said
deed of trust as aforesaid, said receivers also seized and
took possession and control of all paper stock on hand,
stock manufactured and in process of manufacture of every
nature and description, and all stocks, bonds, obligations,
choses in action, accounts, rights under contract and cash
then belonging to said Western Envelope Company and not
covered or included in said deed of trust as aforesaid, and
upon which the said B. P. Crane had no lien or claim what-
soever by virtue of said deed of trust or otherwise; that after
seizing and taking possession of the property of said West-
ern Envelope Company as hereinbefore set forth, the said
R. O. Brigham and W. E. Davis proceeded to carry on and
conduct the business formerly conducted by the said West-
ern Envelope Company and have since said time continued
the operation of the plant, and have manufactured envelopes
and other merchandise, using for such purpose a large
quantity of paper stock and other materials which were on
hand at the time of their appointment as such receivers, but

Fox River Paper Co. v. Western Envelope Co.

were not embraced in said deed of trust; have purchased large quantities of new material and supplies and have used and received payments for large amounts of manufactured goods produced by the said manufacturing plant; that said receivers have since said time collected large sums of money on account of the bills and accounts receivable and other choses in action of said defendant, the Western Envelope Company, not covered by the said deed of trust as aforesaid, and that said receivers are now in possession of a large amount of personal property and cash, and are in control of a large amount of bills and accounts receivable and other choses in action of said Western Envelope Company which were not embraced within the terms of said deed of trust; that the paper stock and other supplies not covered by the terms of said deed of trust, which came into possession of said receivers at the time of their appointment, was of the value of ten thousand dollars ($10,000) and upward; that the total amount of bills receivable, accounts receivable, cash and other intangible assets of said Western Envelope Company which came into the hands of said receivers at the time of their appointment, but were not covered by the said deed of trust as aforesaid, were of the aggregate value of twenty-six thousand dollars ($26,000) and upward; that after filing of said bill for foreclosure by the said B. P. Crane, The Bryant Paper Company, a corporation, Fred Buchler, C. A. Glore, George Meyer and O. B. Kurth intervened in said foreclosure proceedings, claiming various liens on the bonds secured by said deed of trust and upon the real estate and buildings of said Western Envelope Company, but that the rights and claims of said various claimants did not and do not attach to any of the paper stock, material and supplies, or any of the intangible assets of said Western Envelope Company hereinbefore mentioned; that the said Western Envelope Company, acting in collusion with said B. P. Crane and the other claimants in said foreclosure proceedings, and for the fraudulent purpose of defeating the right of your orator under its said judgments and executions, made no objection to the seizure by the

said receivers of the said property not covered by the said deed of trust as aforesaid, but voluntarily turned over possession and control thereof to said receivers."

FLOWER, VROMAN & MUSGRAVE, attorneys for appellant.

W. F. BUNDY, FRANK F. NOLEMAN and CASTLE, WILLIAMS & SMITH, attorneys for appellees.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

The seven demurrers to the amended bill were interposed by appellees as follows:

1. By Kurt, Glore and Meyer, jointly.
2. By Western Envelope Company.
3. By Davis and Brigham, receivers, jointly.
4. By Benjamin P. Crane.
5. By Bryant Paper Company.
6. By F. Buchler.
7. By Everard, Milham, MacMurray and Swett, jointly.

Since the demurrers are separate they should be separately considered.

As to the first demurrer, since neither of the appellees who joined in it has furnished us any brief, the decree dismissing the bill as to them is reversed under rule 29 of this court.

The second demurrer, by appellee Western Envelope Company, seems to us anomalous, and as we get no light on the matter from counsel on either side, and since the envelope company is a necessary party to the suit until its final termination, we must hold that the court erred in sustaining the demurrer and dismissing the bill as to it.

The third demurrer to the bill is by appellees Davis and Brigham, receivers of the Western Envelope Company. The main contention of appellant, both in its bill and in the argument of its counsel, is, that the receivers wrongfully took possession of a large amount of tangible personal property belonging to the envelope company, besides moneys, securities, notes, accounts and choses in action,

Fox River Paper Co. v. Western Envelope Co.

amounting in all to many thousands of dollars in value, which was not covered by the trust deed, which was foreclosed, and that the property, or sufficient thereof to satisfy appellant's judgments against the envelope company, should be applied to that purpose.

Two grounds are relied upon by the receivers why the action of the court is correct so far as they are concerned: First, the bill contains no averment that the court appointing the receivers gave leave to appellant to file its creditor's bill against them and therefore the bill is demurrable; citing High on Receivers, Sec. 254; see, also, St. L. A. & S. R. R. Co. v. Hamilton, 158 Ill. 366; and, second, that it is within the discretion of the court whether to grant leave to bring an independent action against the receivers or to grant leave to file an intervening petition in the receivership, and that at all events the latter was the only proper procedure; citing High on Receivers, Sec. 254b; Roseboom v. Whittaker, 132 Ill. 81; School Directors v. School Directors, 135 Ill. 464; Pool v. Docker, 92 Ill. 501; Haas v. Chicago Building Society, 89 Ill. 498, and Bonney v. Sellers, 99 Ill. App. 444.

The absence of an averment in pleading that leave of court appointing the receivers has been obtained, has led to different conclusions by different courts. Under the decisions of our Supreme Court, the absence of the allegation is not under any and all circumstances fatal to the pleading. If the action brought does not contemplate interfering with the possession of the receivers over the property entrusted to their charge, no leave need be obtained, and the absence of leave and absence of an averment to that effect is a matter which does not go to the jurisdiction of the court; it is a mere matter of contempt and not of jurisdiction, and the receivers waive all questions of that kind by appearance, and after such appearance the court will not entertain a motion to dismiss on the grounds suggested. Mulcahey v. Strauss, 151 Ill. 70.

The original bill was brought against the receivers as such; when the court sustained demurrers to that bill and allowed appellant to amend its bill, it was necessarily

determined that appellant should have leave to prosecute its suit. The receivers having been appointed by the same court which granted leave to file the amended bill, that court would not need by either pleading or evidence, to be informed of what the record already spoke, that leave had been granted to file the bill.

In the Hamilton case, *supra*, it is inferable from the statement of facts, that the ejectment suit against the receiver was brought in another court from the one appointing him; the character of the action was an attempted interference with the possession of the receiver in another court.

The court where the ejectment was brought, not being itself the appointing power, stood in need of both pleading and evidence; that leave had been granted by the court controlling the receiver, for the land sought to be taken from the possession of the receiver was part of a receivership controlled by another jurisdiction.

The rule is established to prevent collision of different jurisdictions and not as an unbending prerequisite to all pleadings against receivers. And we must also hold that the Circuit Court of Marion County, by granting leave to file an amended bill, determined that the proper procedure was by means of an independent suit, by way of a creditor's bill, even if the law is that an intervening petition is in strictness of practice the proper remedy, in matter which, in view of the lower court's action, it will not be necessary to pass upon. The discretion of the court in allowing an independent suit, rather than an intervening petition, having been exercised in favor of appellant's bill, it would seem that such matter of discretion could not be made the ground of review in this court without some showing of oppression or embarrassment to the various litigants in permitting the bill to be filed; and it is to be noted that by the allegations of the bill, the receivership in the foreclosure case was limited to property which was mentioned in the trust deed; it is nowhere alleged that any order made in the foreclosure case, or that the decree itself invested the receivers with title to the credits,

accounts, bills receivable,. or other intangible property of the Western Envelope Company, a fact which readily distinguished the receivership in the present matter from those in theWhittaker & Bonney cases, where the receiverships controlled all the property in the litigation.

It is alleged in the bill that the receivers have in their possession credits and intangible property which is not covered by the trust deed and that they are receivers "of the property described in and covered by the said deed of trust so sought to be foreclosed." By an inspection of the deed, we hold the former averment to be true as to that instrument. When the receivers filed a general demurrer to the bill, such act constituted a general appearance on their part; they made no motion to have appellant attached for contempt in having filed its bill without leave, nor did they make a motion to dismiss the bill because such leave had not been granted. It is not suggested why the bill is demurrable in other respects and a careful study of it discloses no vulnerable ground. Their demurrer admitted that they had in their hands credits and intangible property of the Western Envelope Company to a large amount, and in view of the averment quoted from the bill, it would seem that their demurrer admitted also that such property was not held by them in the character of receivers. At any rate the bill was sufficient to call upon the receivers for an answer, and the court erred in sustaining the demurrer and dismissing the bill as to the receivers.

As to the fourth, fifth and sixth demurrers, the parties interposing them seem to be creditors of the envelope company, but have filed no briefs or arguments in this court, and therefore we will not discuss the relations involved, and will hold *pro forma* that their demurrers were improperly sustained.

The seventh demurrer, interposed by appellees Everard, Milham, MacMurray and Swett, rests upon far different grounds than the other demurrers are based upon.

The proceedings to foreclose the trust deed, which seem to have been accompanied with various intervening peti-

tions of bond, and possibly of other creditors, of the Western Envelope Company, can not be successfully attacked by a creditor's bill, or in any other collateral manner, no matter how erroneous such proceedings may seem to be. Though in the same court that the creditor's bill is in, the suit brought to foreclose the trust deed is a separate and independent judicial proceeding from that of the creditor's bill, at least so far as appellees Everard, Milham, Mac-Murray and Swett are concerned. The purchasers of the property ordered to be sold and which was sold by the master in chancery must be presumed to be invested with a good title to it, as the bill and other pleadings, including the intervening petitions in the foreclosure case, are not brought here so that we may know what questions and matters were litigated and determined in that case.

The presumption then is that the decree directing the master to sell certain property of the envelope company was fully authorized by the court, and the appellant in this case can not be heard to say that the court in construing the trust deed committed an error in directing the master to sell property not specifically described in the trust deed, as the decree of sale was entered some months before appellant had recovered its judgments against the envelope company, and a longer time before it had filed its original or amended bill in this case.

The court did not err in sustaining the joint demurrer of appellees Everard, Milham, MacMurray and Swett.

The decree sustaining the demurrers of appellees Western Envelope Company, R. O. Brigham and W. E. Davis, receivers of Western Envelope Company, Benjamin P. Crane, Bryant Paper Company, F. Buchler, C. A. Glore, George Meyer and C. B. Kurth, and dismissing the bill is reversed, and the cause is remanded.

The decree sustaining the demurrer of Herbert H. Everard, Frank H. Milham, James E. MacMurray and Arthur H. Swett is affirmed.