STEPHENS *et al.*, executors, *et al. v.* AUGUSTA TELE-
PHONE AND ELECTRIC COMPANY *et al.*

It rests in the discretion of the court whether it will grant an application to
bring an independent action against its receiver, or compel the applicant
to intervene in the original cause.    Such discretion will not be interfered
with unless manifestly abused.    In this case there was no abuse of dis-
cretion in refusing to grant leave to bring an independent action.

Submitted July 16, — Decided August 12, 1904.

Petition for leave to sue receiver.    Before Judge Gary.    Rich-
mond superior court.    December 28, 1903.

Stephens and others presented their petition to the judge of
the superior court of Richmond county, alleging, in brief, the
following facts:    Petitioners sold certain described realty in the
City of Augusta to the Augusta Telephone and Electric Company,
a corporation, at the price of $7,500, of which $2,000 in cash and
$500 in common stock of the corporation were paid down, and
the company's note given for the balance.    Petitioners executed
a bond to the company to make title upon payment of the note.
This bond provided:    "If said obligee should make default in the
payment of the note . . the obligors . . are authorized to sell
said property. . . at public outcry, after advertisement, . . the
proceeds of the sale to be appropriated to the costs of sale, pay-
ment of any taxes or insurance which may have accrued on the
premises, and to the principal and interest of the note of five
thousand dollars, and the balance to said obligee or its assigns."
The note was not paid at maturity.    At the instance of other
creditors, a receiver was appointed for the corporation by the
judge of the superior court of Richmond county, and the receiver
has all the assets of the corporation in his possession, and is in
custody of the realty sold by petitioners to the corporation, the
title to which, however, is still in them.    The petition alleged
that "petitioners desire to sue said receiver in this action," and
prayed:    "1. That judgment be rendered in their favor against
the Augusta Telephone and Electric Company for the sum of
five thousand dollars, and interest at 7% per annum from July
1st, 1902.    2. That such judgment be declared a special lien, of
prior dignity to all other claims against the aforesaid acquired
property, the same being purchase-money therefor;" and for

process against the corporation and the receiver. The judge to whom the petition was presented passed the following order: "It being known to the court that the real estate referred to in the within petition includes the principal office and operating machinery of the Augusta Telephone Company, which business the said Archibald Blackshear, as receiver, is now conducting, and no sufficient reason being shown why the relief sought might not be obtained by an intervention in the case pending in which said receiver is appointed; and it further appearing that to grant the prayer of said petition would be unnecessarily to occasion a multiplicity of suits, it is therefore ordered that said petition be not allowed to be filed, and authority to begin said suit in the form prayed is hereby refused." The petitioners excepted.

*Alexander W. Stephens*, for plaintiffs.

*C. Henry Cohen*, for defendants.

FISH, P. J. (After stating the foregoing facts.) It is a well-established rule, that it rests in the sound judicial discretion of the court, administering assets through its receiver, whether it will permit an independent action to be brought against the receiver, or compel the applicant to intervene in the suit in which the receiver was appointed; and that a refusal to grant leave to bring such an independent action will, on review, be upheld, unless it appears that there has been a manifest abuse of such discretion. High on Receivers, 254 b. In Meeker *v.* Sprague, 5 Wash. 242, it was held: "Where a court has, in a suit in equity, regularly acquired full jurisdiction, not only of the property of an insolvent corporation, but also of all the parties' interests therein, and has appointed a receiver for the corporation, the refusal of the court to allow a mortgagee of the corporation to institute foreclosure proceedings in a separate suit against the receiver is not an abuse of the discretion vested in the court, although the mortgagee may allege that the property upon which he has a first lien will be charged with a greater proportion of the expenses of the receivership than would be just, and that by the terms of a deed given by the corporation to the receiver of all its property there seems to be a preference in favor of certain lien claims as against the claim of the mortgagee." So it was held in Mechanics' National Bank *v.* Landauer, 68 Wis. 44,

that if the relief sought can be obtained by intervention in the action in which the receiver was appointed, it is no abuse of discretion to refuse to grant leave to bring an independent suit. In this connection, see In re Herbert, 63 Hun, 247; Blake *v.* Bank, 12 Wash. 619; Patrick *v.* Eells, 30 Kan. 680; Citizens' Commercial Bank *v.* Bay, 110 Mich. 633; Fox River Paper Co. *v.* Western Envelope Co., 109 Ill. App. 393. We see no reason why petitioners in the present case can not, by intervention in the original action, as well secure all the relief sought as they could by bringing an independent suit. The court, in its order refusing leave for an independent action, states that the realty in question includes the principal office and operating machinery of the business which the receiver was conducting, and it can readily be imagined how disastrous to the business or plant of a telephone company as a whole, and how destructive to the interests of the other creditors, it might prove to permit the building containing the office and machinery of such company to be separately sold. We are very clear that there was no abuse of discretion in the present case.

*Judgment affirmed.    All the Justices concur, except Lamar, J., disqualified.*