[No. 5421.  Decided March 30, 1905.]

THE STATE OF WASHINGTON, *on the Relation of M H. Whitehouse, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

CERTIORARI—RECEIVERS—ORDER DENYING LEAVE TO SUE—ADEQUATE REMEDY BY APPEAL. A writ of review will not issue to review an order denying a creditor leave to bring an action against a receiver, upon the disallowance of his claim by the receiver, since there is an adequate remedy by appeal from such an order, with a stay of proceedings, if necessary, to preserve the fruits of the appeal.

Application for a writ of certiorari to review an order of the superior court for Spokane county, Kennan, J., entered October 31, 1904, denying the relator leave to sue a receiver. Writ denied.

*Willis H. Merriam,* for relator.

*Binkley, Taylor & McLaren,* for respondent.

DUNBAR, J.—The relator was a creditor of the Nelson Dry Goods Company, a corporation, which corporation was, on the 10th day of August, 1904, at the suit of French, Finch & Co., a corporation, adjudged to be insolvent, and a receiver was appointed for said insolvent corporation. The receiver gave due notice to all creditors of the corporation to present their claims for allowance, and the relator presented his claim in due time to said receiver, which claim was allowed. He afterwards present-

1Reported in 80 Pac. 195.

ed a claim for a greater amount, and the receiver denied said claim; whereupon the relator asked leave of the court to sue the receiver, which leave was refused by the court; and the relator asks that a writ of review issue to the lower court, to the end that this court may decide whether or not the court should be compelled to allow him to sue the receiver for the amount claimed.

It was decided by this court, in *Meeker v. Sprague*, 5 Wash. 242, 31 Pac. 628, that an application to the superior court, to be allowed to bring an action against a receiver in a case pending in such court, is a special proceeding, within the meaning of the statute governing appeals, and an order denying such application is appealable, for the reason that it finally disposes of the rights of the parties in such proceedings. If an adequate appeal will lie, under the uniform rulings of this court, the writ will not issue. We think the appeal in this case was adequate, or could have been made adequate upon the motion of the relator. The court, upon proper application, would no doubt have stayed the proceedings pending the appeal, and, if it had refused to do so, an application to this court would have compelled the stay, under the doctrine announced in *State ex rel. Richardson v. Superior Court,* 28 Wash. 677, 69 Pac. 375, where an application for certiorari, to review the wrongful action of the superior court in appointing a general instead of a special administrator pending an appeal, was denied, and the lower court was directed not to make distribution of the estate pending the aforesaid appeal. In discussing the question, the following announcement was made by this court:

"Our conclusion, therefore, is that the action of the court is not reviewable here by certiorari, and the writ is denied for the purpose of reviewing that matter. But while we may not review that matter here to the extent of determining whether a general administrator should or

should not have been appointed, yet it is made to appear that there is a possibility that the estate may be distributed by the general administrator before the appeal can be determined; thereby dissipating the fruits of the appeal, should the relator prevail therein.  This, we think, should not be permitted by the court below.  The status of the parties litigant should be preserved so as to prevent the fruits of the litigation from being lost pending the appeal, and, when it becomes necessary in aid of the appellate jurisdiction of this court, proper orders or writs will be issued to secure that end;"

citing *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385.

An appeal, therefore, being adequate to preserve the fruits of the litigation, the application for a writ will be denied, and the cause dismissed.

MOUNT, C. J., HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.