ought not and can not take from them, and which they should treat as a public trust faithfully to be performed.

Another claim of the plaintiff is for damages by reason of the manner in which the ditch has been constructed.

Following the authorities found in the brief of defendants we can not say that plaintiff has a cause of action against the township. So far as the trustees are concerned the conditions do not warrant a recovery against them.

Section 4550 provides for action against the trustees for damages arising from a failure to perform any duty imposed upon them by chapter 2, title 6, but we do not understand plaintiff's claim to be of the character intended by this section. Even if it were so, original jurisdiction is in the justice of the peace.

As to the contractor, he sustains no contract relation with the plaintiff, and as the agent of the township he ought not to be charged as for a tort when obeying the instructions of the trustees as to the proper method of completing his contract.

However, whatever damages plaintiff has so far sustained were not proven to be of any great amount, and may be said to be incidental to work of this character.

We are of the opinion that the prayer of the plaintiff's petition should be denied, which is accordingly done.

---

### ACTIONS AGAINST RECEIVERS. ·

Common Pleas Court of Franklin County.

THE DORR RUN COAL COMPANY v. THE NELSONVILLE COAL COMPANY.

Decided, October 10, 1910.

*Receivers—Discretion of the Court in Granting Leave to Sue—Causes Involving Damages Can Not be Determined by the Conscience of the Chancellor—Time and Form for Filing Action.*

An application for leave to sue a receiver will be denied, where the application seeks to file his action in another jurisdiction, and his claim is for damages, and he has delayed making application until the property has been sold and distribution is about to be ordered.

*Donaldson & Tussing*, for plaintiff.

*E. M. Baldridge*, contra.

KINKEAD, J.

Application is made to the court to sue its receiver. E. D. Carr was appointed receiver of the defendant company and has been operating the mine under the order of the court. While so operating, William Hutchison, the applicant and an employe, was injured while working in the mines on February 10, 1910.

The property has been sold, and the proceeds thereof are now in the hands of the receiver for distribution. As is usual in such cases, there are not sufficient funds in the hands of the receiver to pay its creditors.

The liability asserted is a contingent one, and the applicant has delayed applying for leave to sue for so long, and did not apply until the property was sold and the court is about to order the distribution to the creditors.

It is urged by the creditors that the court should not grant leave to sue, and thus delay the settlement of the trust without first determining from a showing made upon affidavits whether or not the applicant has a probable cause of action against the receiver.

That suits can not be instituted against a receiver elsewhere than in which he was appointed, without leave of such court, is well settled. It is equally true that whether leave to sue will be granted rests in the discretion of the court. *Melendy* v. *Barbour*, 78 Va., 544; *Reed* v. *Axtell*, 84 Va., 231; *Peale* v. *Phipps*, 14 How., 368; *Barbour* v. *Barbour*, 104 U. S., 126; *Kennedy* v. *Railroad Co.*, 5 W. L. B., 780 (Baxter, J.).

In equitable claims it is entirely within the discretion of the court whether it will grant an application to bring an independent action against its receiver, or to compel the applicant to intervene in the original cause. *Stephens* v. *Telephone Co.*, 120 Ga., 1082.

The discretion vested in the court will not be interfered with unless manifestly abused.

The discretion is exercised in favor of the determination by the court of the merits of the claim in the case in which the receiver was appointed by the chancellor only in equitable claims which are properly determined without a jury by a court of equity.

There is no warrant for the practice of trying cases of a legal nature which are, as of right triable by jury, to a chancellor in the case in which the receiver was appointed. Such a course, it has been said, is contrary to fundamental rules. Damages in such cases have never been ascertained by courts of chancery. The language of the decisions appears to be that "damages can not be ascertained by the conscience of the chancellor."

So it has been held in one state where the formal as well as substantive distinction between law and equity practice is adhered to, that:

"A person having a legal cause of action sounding merely in tort, against a receiver appointed by the court of chancery, has a right to pursue his redress by an action at law. Such action can not be brought without the permission of the chancellor, but such permission can not be refused, unless the claim preferred be manifestly unfounded and vexatious." *Palys* v. *Jewett*, 32 N. J. Eq., 308.

The settlement of the claim asserted here by the ordinary legal action can affect the execution of the trust by the receiver in no possible way, unless by the consent and acquiescence of the court which has absolute control over the trust. If consent is granted to sue the receiver, and the action should proceed to judgment, it can not be enforced against the assets in *custodia legis* except upon consent and order of court.

A claim for damages for personal injury against a receiver operating railroad property is considered part of the operating charges. No such rule has obtained respecting operation of other kinds of business such as is involved in this case.

But a court of chancery which takes possession of property manages and operates it for the benefit of the trust, and creditors should be just and considerate respecting all liabilities incurred by its receiver, whether of contractual nature or of tort liability. The business would not have been carried on had it not been considered for the best interest of the creditors, and the latter must give acquiescence to orders designed to fulfill all obligations of the receiver.

On the other hand, those asserting claims against a receiver should be prompt in their presentation, and can not expect the

same consideration when they have slept on their rights for such length of time that the property has been disposed of, and the proceeds are about to be distributed to the creditors with no knowledge of such a claim.

The eight months delay in making this claim excites suspicion against the legal propriety of its assertion now.

I am of the opinion that this court should not consider the affidavits offered in opposition to the application because the claim is legal and not equitable.

The application made to the court is for leave to bring suit against the receiver in the Court of Common Pleas of Hocking County. The receiver lives in Franklin county, and was appointed in this county. Therefore, the court will not grant leave to the applicant to sue the receiver outside this jurisdiction.

The application is overruled.