MAHONEY-JONES Co. *et al. v.* SAMS BROS. *et al.*\*

(*Knoxville.*   September Term, 1913.)

1. **FRAUDULENT CONVEYANCES.   Judgment.   Creditor's suit. Issues, proof, and variance.**

In a suit against a purchaser of a stock of goods who failed to comply with the Bulk Sales (Laws 1901, ch. 133), relative to ascertaining and notifying the creditors of the seller, a variance between the bill describing plaintiff as a creditor of a firm of which the seller was a member and the evidence showing that it was an individual creditor of the seller was immaterial; no relief being sought against the partnership, and the partnership having no assets.   (*Post, p.* 210.)

Cases cited and approved:   House v. Thompson, 40 Tenn., 512; Pennington v. Bell, 36 Tenn., 200; Jackson Insurance Co. v. Partee, 56 Tenn., 296; Fowlkes v. Heirs and Creditors of Bowers, 79 Tenn., 144, 146.

Acts cited and construed:   Act 1789, ch. 57.

Code cited and construed:   Sec. 4486 (S.).

2. **PARTNERSHIP.   Liability for firm debts.**

Partnership debts are several as well as joint, and each member of the firm is individually liable therefor, especially in view of Shannon's Code, sec. 4486, providing that all joint obligations and promises are joint and several.   (*Post, p.* 210.)

3. **FRAUDULENT CONVEYANCES.   Sales in bulk.   Statutory provisions.**

Under the Bulk Sales Law (Laws 1901, ch. 133), providing that, where any portion of a stock of merchandise is sold other-

---

\*As to the remedy of creditors where sale is made in violation of bulk sales law, see note in 39 L. R. A. (N. S.), 374.

For a collection of the authorities on statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.), 331.

wise than in the ordinary course of trade, the sale shall be presumed fraudulent and void as against creditors of the seller, unless the purchaser shall make inquiry of the seller as to his creditors, and shall notify them personally or by registered mail of the proposed sale, upon a sale of merchandise in bulk by an individual, creditors of a partnership of which he was a member were entitled to notice. (*Post*, *p*. 211.)

Case cited and disapproved:    Whitehouse v. Nelson, 43 Wash., 174.

Cases cited and approved:  People's Saving Bank v. Van Allsburg, 165 Mich., 524; Daly v. Sumpter Drug Co., 127 Tenn., 412.

4. **COURTS.** Rules of decision. Decisions of courts of other States.

While a construction given to a foreign statute closely similar to one of this State is useful and to be accorded reasonable consideration, it is in no sense authoritative, nor is it as persuasive as a deliverance of the same court upon the common law, since each sovereignty must construe its own statute. (*Post*, *p*. 212.)

5. **FRAUDULENT CONVEYANCES.** Sales in bulk. Statutory Provisions.

Under the Bulk Sales Law (Laws 1901, ch. 133), providing that a sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade shall be presumed fraudulent and void as against the creditors of the seller, unless the requirements of that act are complied with, a sale of goods separated from a stock of merchandise to the value of about one-half of the whole stock, without a compliance with the statute, was a violation thereof. (*Post*, *p*. 211.)

6. **FRAUDULENT CONVEYANCES.** Sales in bulk. Statutory provisions.

Under such statute, where a purchaser of merchandise in bulk intermingled the goods with other goods, making them practically indistinguishable, he was liable directly to creditors

of the seller for their value, without the necessity of attaching them.  (*Post, p.* 211.)

Case cited and approved:   Daly v. Sumpter Drug Co., 127 Tenn., 412.

---

FROM CARTER.

---

Appeal from Chancery Court, Carter County.—HAL H. HAYNES, Chancellor.

ALLEN & CLARK, for complainants.

JOHN H. TIPTON, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

E. G. Sams, being the owner of a small stock of goods at Elkanah, in Carter county, separated from that stock certain goods to the value of about one-half of the whole stock, and sold these to defendant B. M. Brumit, in payment of a debt which the latter held against Sams Brothers, a firm of which E. G. Sams had been a member.  At the time the sale was made this firm was out of business, and had no property. The provisions of our Bulk Sales Law (Laws 1901, ch. 133) were not complied with.  Brumit intermingled the goods he had so purchased with his other goods in such way that they could not be distinguished.  The present suit was brought by Mahoney-Jones Company, an individual creditor of E. G. Sams, and the Standard Grocery Company, a creditor of the firm, to hold

128 Tenn. 14

Brumit liable for the value of the goods so purchased. The chancellor granted the relief sought, and the court of civil appeals affirmed the judgment. The case is here on *certiorari* to the latter court.

The first defense made is that the bill describes the Mahoney-Jones Company as a creditor of the firm, while the evidence shows it was only an individual creditor of defendant E. G. Sams, hence that there is a fatal variance between the *allegata* and the *probata*. The variance is immaterial in the present case, because no relief is sought against the partnership, and each member of the firm is individually liable for the debts of the firm; partnership debts being in this State several as well as joint. *House* v. *Thompson,* 3 Head, 512; Act 1789, ch. 57; Shan. Code, sec. 4486. The firm having no assets, the question does not arise of settling equities between firm creditors and individual creditors in respect of partnership property or individual property under the principles laid down on that subject in *Pennington* v. *Bell,* 4 Sneed, 200, *Jackson Insurance Co.* v. *Partee,* 9 Heisk., 296, and *Fowlkes* v. *Heirs and Creditors of Bowers,* 11 Lea, 144, 146.

The next defense is that in no aspect of the case can the Standard Grocery Company have relief, inasmuch as it is a firm creditor, and our Bulk Sales Law does not require notice to be given to creditors of that class on sale of an individual stock of goods owned by one member of such firm. The principle stated in the last paragraph as to the several charac-

ter of partnership obligations fully meets this contention. The same result is reached from a consideration of the language of the statute itself. It requires the purchaser to make "full, explicit inquiry of the seller as to the names and places of residence or place of business of *each and all* of the creditors of the seller," and requires him to notify *"each of the creditors of the* seller of whom the purchaser has knoweldge, or can with reasonable diligence acquire knowledge." The act provides that the sale shall be presumed to be fraudulent and void as against *"the creditors of the seller,* unless," etc. The statute is reproduced in *Daly* v. *Sumpter Drug Co.,* 127 Tenn., 412, 155 S. W., 167.

We are referred to *Whitehouse* v. *Nelson,* 43 Wash., 174, 86 Pac., 174, as announcing a different rule from that stated herein. That case holds that, under the Washington statute, on sale of a stock in bulk by a firm it is not necessary to give notice to the individual creditors of the members of the firm. On the contrary, in *People's Savings Bank* v. *Van Allsburg,* 165 Mich., 524, 131 N. W., 101, it is held, construing the Michigan statute (Pub. Acts 1905, No. 223), that notice must be given to all creditors. In that case the special question was whether the statute meant mercantile creditors only. Construing the language "the creditors of the seller," and "upon application of any of the creditors," and upon compliance shall not be liable to "any of the creditors," the court held that the intention was to embrace all creditors of the seller. We

have no copy of the Washington statute, and are therefore unable to compare the construction given to that statute with the construction herein given to our own. Therefore the decision cannot assist us in any degree.

We may add, which is indeed but a truism, that, while a construction given to a foreign statute closely similar to one of our own is undoubtedly useful as the opinion of learned persons on the meaning of ascertained language, and therefore to be accorded respectful consideration, it is in no sense authoritative, nor is it as persuasive as a deliverance of the same court upon the common law. Each sovereignty must construe its own statutes.

It is not doubted, nor indeed can be, that the sale of half of a stock of goods is a violation of the law in question, and that the purchaser is liable directly to creditors for the value of the goods, without the necessity of attaching them, when he has intermingled them with other goods, thereby making them practically indistinguishable. *Daly* v. *Sumpter Drug Co.*, supra.

There is no error in the judgment of the court of civil appeals, and it is accordingly affirmed.