## HOLMES & HIBBARD MORTGAGE CO. v. ARDMORE NAT. BANK *et al.*

No. 4741.   Opinion Filed June 22, 1915.

(150 Pac. 105.)

**RECEIVERS—Petition of Secured Creditors—Discretion.** Where a court has appointed a receiver of an alleged insolvent corporation, and the receiver takes possession of the assets, it rests in the sound discretion of the trial court as to whether it will grant the petition of a secured creditor to bring an independent fore-

closure proceeding against such receiver in possession of the lien property. **Held,** under alleged facts in this case, the court did not abuse its discretion in denying the petition.

(Syllabus by Watts, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

The application of the Holmes & Hibbard Mortgage Company, a corporation, for leave to sue E. E. Guillot, appointed receiver for the Smith-Fraley Lumber Company, a corporation, in an action brought against it by the Ardmore National Bank, a corporation, was denied, and the Mortgage Company brings error. Affirmed.

*W. H. Clark* and *L. S. Dolman,* for plaintiff in error.

Opinion by WATTS, C. On May 31, 1912, the Ardmore National Bank filed suit in the district court of Carter county, in its own behalf and others similarly situated, against Smith-Fraley Lumber Company, alleging an indebtedness in its favor in the sum of $1,200 and interest; that it held $10,000 stock and C. R. Smith $20,000 in defendant company and $6,000 was held by various other parties; that neither plaintiff nor said Smith were directors in said defendant company; that C. E. Fraley was director, vice president, and manager of defendant company, but owned none of the stock; that defendant company was insolvent and in process of liquidation; that the property of defendant was in danger of being lost or materially injured; that it was necessary that the court appoint a receiver in order to preserve the assets, protect the rights of the stockholders, insure the property, look after it, collect rents, and sell the property to pay indebtedness, praying the appointment of a receiver to take charge of the property; that all interested parties be allowed to interplead; that the debts due be collected,.

the property sold, and proceeds applied (1) to the mortgage indebtedness, (2) to the unsecured claims, and (3) to the stockholders; and for all other proper relief to which it might be entitled.

The court granted the petition, and by agreement E. E. Guillot was appointed receiver and directed to take immediate possession of all property of defendant within the state, collect and hold the assets, and protect the property under order of the court and make report of his proceedings within 90 days, or when ordered by the court, etc.

The receiver filed his report showing that all the real estate, except 52 acres in county of Palo Pinto, Tex., was mortgaged, and that approximately $12,000 was due, viz., Ardmore State Bank, $11,153.32, Holmes & Hibbard, $425, Detroit Union Bank, $150; that, with above mortgages and others soon to mature, valuable equities might be sacrificed, if mortgagees were permitted to foreclose; and praying the court for order of sale of list of property attached to report, estimated value by defendant company $48,800, which receiver thought was from 25 to 30 per cent. excessive under the conditions.

September 23, 1912, the court heard and granted the petition to the extent that so much of the property be sold as necessary to satisfy defendant's indebtedness, amounting to $26,399.26, directing 30 days' notice by publication. October 26, 1912, the court entered an order directing the receiver to notify, in writing, all creditors, whether secured or unsecured, not theretofore notified, and who desired to share in any manner in the distribution of the funds, to make themselves parties to the action by interpleading, or otherwise, as might be proper, and further directing the receiver to investigate all claims, and report to the court all found correct and contest those

found incorrect.. November 29, 1912, Holmes .& Hibbard Mortgage Company, a corporation, filed its petition for leave to sue the receiver, alleging that the receiver was in possession of, and denying title to, certain real estate on. which it held a mortgage securing three notes of $20 each, also a further mortgage securing three notes of $22.50 each, given by Charles E. Fraley, grantor of defendant company; that on August 1, 1912, $62.50. of said mortgage indebtedness became due, which had not been paid, though demanded of Charles E. Fraley, Guillot, the receiver, and Smith-Fraley Lumber Company; that by the terms of the, notes and mortgages, upon default of any amount due, at the option of mortgagee the whole became due, and it therefore exercised its option and demanded the entire indebtedness due, praying leave to bring a separate foreclosure proceeding against the receiver, and such other relief as might seem proper.

Notice of application was given and heard on December 19, 1912, and denied. Holmes & Hibbard Mortgage Company appeals and alleges error.

"(1) The court erred in rendering judgment against plaintiff in error, denying the petition of plaintiff in error to sue the receiver in said cause.

"(2) The court erred in refusing the plaintiff in error the right to sue the receiver therein."

The two assignments embrace but one question: Did the trial court abuse its discretion in denying the petition?

Under the facts in this case, we must sustain the judgment of the trial court. The authorities seem all one way. We have made fairly thorough investigation, and have not been able to find a single case holding that a trial court abused its discretion in denying a petition to sue a receiver. The courts are vested with much latitude,

and only in rare cases is such permission granted; the reason being that a court of equity, having complete jurisdiction, affords ample remedy, can better dispose of the many interests, protect parties, save costs, and prevent harassing the receiver and unnecessary destruction of what might become an insolvent estate.

The case at bar affords apt illustration for the rule. The estate is valued from about $33,000 to $48,800, with an indebtedness of about $26,400. If the court had permitted one claimant, and, if one, then all, to institute a separate suit it certainly would have been disastrous to the estate and would have entailed loss to all, except some who might be amply protected, thereby defeating the very object for which the receiver was appointed. The more favored and better rule is to file a petition in the original case, wherein the receiver was appointed, and where the court has before it the claim of all parties, whose interests can be classified and more and complete justice accorded. This does not mean that a secured creditor must lose or relinquish any rights. His equities are superior to and will be protected as against one less fortunate, in the same manner as if the litigation arose in a separate suit.

As first stated, the authorities seem to be unbroken upholding our view. High on Receivers (4th Ed.) section 139; *De Forrest v. Coffey*, 154 Cal. 444, 98 Pac. 27; *Stephens et al. v. Augusta T. P. & E. Co. et al.*, 120 Ga. 1082, 48 S. E. 433; *Meeker v. Sprague*, 5 Wash. 242, 31 Pac. 628; *State ex rel. White House v. Superior Court of Spokane County et al.*, 38 Wash. 23, 80 Pac. 195; *First Nat. Bk. v. Cook et al.*, 12 Wyo. 492, 76 Pac. 674, 78 Pac. 1083, 2. L. R. A. (N. S.) 1012; *Minot et al v. Mastin et al.*, 95 Fed. 734, 37 C. C. A. 234; *American L. & T. Co.*

*v. Central V. R. Co. et al.* (C. C.) 84 Fed. 917; *American
L. & T. Co. v. Central V. R. Co. et al.* (C. C.) 86 Fed.
390; *United States T. Co. v. Chicago T. R. Co. et al.*, 188
Fed. 292, 110 C. C. A. 270; *Mechanics' Nat. Bk. et al.
v. Dandauer, Receiver, et al.*, 68 Wis. 44 31 N. W. 160;
*Gunning v. Sorg et al.*, 113 Ill. App. 332; *Fox River P.
Co. v. Western E. Co.*, 109 Ill. App. 393.

We therefore recommend that the judgment of the
trial court be affirmed.

By the Court: It is so ordered.