HARRIET R. PORTER *vs.* RUFUS P. KINGMAN & another.

Plymouth.   October 15, 1878. — January 4, 1879.

A person who has purchased an estate subject to a mortgage given by a former owner to a bank, cannot maintain a bill in equity against the receivers of the bank to procure a cancellation of the mortgage, on the ground that it was obtained by the false and fraudulent representations of the bank, but, if he has any remedy in equity, must proceed by a petition in the cause in which the receivers were appointed.

BILL IN EQUITY, filed July 17, 1878, alleging that on July 15, 1871, Lewis Porter and George Southworth executed and delivered to the North Bridgewater Savings Bank their promissory note for $7,445.56, secured by a mortgage of land in Brockton; that in 1875 Porter and Southworth were adjudged bankrupts, and in the same year their assignees conveyed the land to a third person, who conveyed it to the plaintiff; that the mortgage to the bank was given without consideration and under a mistake of fact, and was procured through the false and fraudulent representations of the treasurer of the bank; that the defendants had been appointed by this court receivers of the bank, and as such hold the mortgage and note, demand payment of the note, and threaten to foreclose the mortgage; and that the plaintiff, before knowledge of the fraud, had paid to the bank and to the receivers large sums of money as interest.

The prayer of the bill was, that the note and mortgage should be delivered up to the plaintiff to be cancelled; that an account be taken of the amount paid the bank and the receivers, and that the defendants be ordered to pay the same; for an injunction to restrain the defendants from proceeding to collect the note and to foreclose the mortgage; and for further relief.

The defendants demurred to the bill, assigning, among other grounds of demurrer, that the plaintiff's remedy was only by petition in equity in the cause in which the defendants were appointed receivers; and that the plaintiff had a plain, adequate and complete remedy at law.

*E. Ames,* for the defendants.

*R. M. Morse, Jr. & R. Stone, Jr.,* for the plaintiff.

SOULE, J.   If we assume that the allegations of the bill make

a case for relief in equity, the question remains whether the plaintiff can maintain this bill, or must pursue her remedy by petition in the suit in which the defendants were appointed receivers of the property of the corporation, which is named as payee of the note and grantee in the mortgage. On the face of the papers, the corporation had a legal title to both instruments, and it was the duty of the defendants, under the order appointing them, to take possession of both. If the plaintiff has any equitable ground for insisting that the mortgage ought not to be enforced against her title to the land, such right must be made known to the court by a petition in the cause in which the defendants were appointed receivers. The property is in the custody of the court, and the defendants in holding it are officers of the court. Equitable rights which it is contended are superior to the title made by order of the court can be passed upon only in the cause in which that title is created, and cannot be set up in an independent suit. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480. *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67. *Wiswall* v. *Sampson*, 14 How. 52. *Noe* v. *Gibson*, 7 Paige, 513. *Robinson* v. *Atlantic & Great Western Railway*, 66 Penn. St. 160. *Russell* v. *East Anglian Railway*, 3 Macn. & Gord. 104. 2 Dan. Ch. Pract. 1743. This well settled doctrine is entirely consistent with the decision in *Hills* v. *Parker*, 111 Mass. 508, and was recognized by the court in the opinion; but the plaintiff was permitted to maintain his action of replevin against the receivers of the Boston, Hartford and Erie Railroad Company, because the chattels in controversy had never been the property of that corporation, and therefore were not in their hands as receivers, and not in the custody of the court.

The demurrer is for this reason well taken; and the bill must be dismissed.

We express no opinion on the other question presented by the demurrer, the question whether the bill shows any equitable right in the purchaser of an equity of redemption from an assignee in bankruptcy to have a mortgage cancelled as having been obtained by fraud from the bankrupt. It will be time enough to pass upon that question when it is properly before us.

*Bill dismissed, without prejudice*