58  315
89  535

58  315
116  569

The First National Bank of Detroit v. The E. T. Barnum Wire and Iron Works.

*Assignment for benefit of creditors—Final orders—Removal of receiver and sale by him.*

1. Any proceeding however called, whereby private rights are seriously affected or wrongfully divested, is reviewable in some form.

2. A receiver of an estate assigned for the benefit of creditors is a trustee, and subject to the general duties requiring impartiality; he cannot collude with any one, or prefer one set of interests to another. And the power to appoint him is subject not only to all rights paramount to the assignment, but to legal conditions.

3. Redress against the receiver of an assigned estate for injury to private rights therein must be had by petition in the court appointing him, and not by original bill. But the form of the remedy does not destroy its substance, and the action of the court thereon is reviewable on appeal if the fund in which the complaining party claims an interest is alleged to be liable to such danger as to be within the risks against which the law gives protection.

4. The jurisdiction to entertain an appeal is not affected by the question whether or not the charges made turn out on hearing to need redress, or the particular redress asked for.

5. The merits of a case cannot be considered on a motion to dismiss an appeal therein.

6. An order for the sale of assigned property by a receiver is final and appealable where it provides for an entire disposal of the trust funds, and may affect the claims of creditors and others, and where also it contains special and unusual provisions as to notice of sale, and sale in large lots, and allows to some claimants but denies to others interested certain privileges of buying on credit, and allows sales without mortgage or other property security.

7. An appeal in chancery can be dismissed for want of jurisdiction only.

Mandamus.     Submitted Oct. 20.     Denied Oct. 28.

*Hoyt Post* for relator.

*Henry M. Duffield* and *Isaac Marston* for respondent.

CAMPBELL, J.     This is a chancery cause begun for the pur-

pose of administering an assigned estate, and a receiver was appointed by consent, and with certain agreed powers and conditions. During the progress of the proceedings, Henry M. Duffield, who is recognized as a previous attaching creditor, but whose suit in attachment is not yet disposed of, filed a petition seeking relief and the removal of the receiver, on various charges of illegal conduct, involving among other things alleged collusion with certain alleged creditors and parties, whereby they were given advantages over petitioner and other parties. The circuit court removed the receiver's solicitor, on the ground that he was appointed at the instance of a large creditor whose solicitor he continued to be, and who had become one of the receiver's bondsmen, as it is claimed, on the understanding that he should act for the receiver. The court, however, did not remove the receiver. This refusal and the order which was made on the hearing of the petition, being regarded by petitioner as a legal grievance, he appealed from it; and the receiver moves to dismiss the appeal, which can only be done for want of jurisdiction.

Another appeal, which the receiver also moves to dismiss, is from an order directing the receiver to sell all of the assets, real and personal, in certain lots and on certain prescribed notices, and authorizing him to receive in payment the bonds of claimants to the amount of their claims.

On the argument of these motions a great deal was said on the general merits. But the only thing we can consider is the single legal question whether the orders complained of are of such a nature as to come within our statute concerning appeals and final orders. We cannot prejudge the facts.

One main objection was that these orders were interlocutory and, as claimed, discretionary. In the cases arising under Vincent J. Scott's assignment [*Scott v. Wayne Judges* ante, 311], heard at the same time with these motions, we held that the proceedings under the assignment law differed essentially from ordinary chancery proceedings, and included collateral and peculiar duties and inquiries. No rule is better settled than that private rights are not subject to uncontrolled discretion, and any proceeding, whatever may be its

name, whereby they are seriously affected or divested wrongfully must necessarily be open to review in some form. The power to appoint a receiver under an assignment, is not only subject to all rights paramount to the assignment but it is also subject to legal conditions. It would be impossible to hold that by appointing a receiver, any court could authorize him to violate private rights or to commit frauds without control. He is a trustee, and subject to the general duties requiring fairness and impartiality. He cannot lawfully collude with any one, and cannot lawfully prefer one set of interests to another. The rules which have been uniformly recognized as governing receivers would be of no use, unless the action of the court retaining him or permitting him to act unlawfully, could, so far as private rights were involved, be examined in an appellate court.

Any ordinary trustee or assignee could always be sued by bill in equity, and restrained or removed in a proper case on complaint of an injured party. The statute under which these proceedings are had has drawn to the circuit courts in chancery the entire disposition of assigned estates, and it has never been allowed injured parties to file original bills against receivers for such redress. All such action must be had in the court appointing them. But it would be absurd to hold that there could be no redress, merely because what would in other cases be an independent bill must here be a petition. The form of the remedy does not destroy its substance. When the facts are shown and the court has heard the contest, the decree must follow law, and be subject to law. The discretion of the court may or may not require the granting of the precise relief prayed. But the complaining party has a right to have it reviewed if the fund in which he claims an interest is alleged to be liable to such danger as to be within the risks which the law protects against. A trustee who violates his duty to the prejudice of the beneficiaries may be complained of. Whether the charges made turn out, on hearing, to require redress or not or the particular redress asked for, cannot affect the jurisdiction; and on this motion we cannot consider the merits.

The order of sale provided for an entire disposal of the trust funds, and all of the claims of creditors and others may be affected by it. It is the chief end of the trust dealings. It contains special and, as it is claimed, unusual provisions both as to notice of sale and sale in large lots. It also allows to some claimants privileges of buying on credit which are denied to others interested, and these sales of land as well as of personalty on personal liability without mortgage or other property security. The effect of this may be serious. We cannot, without a knowledge of all the facts and without a hearing on them, decide how far, if at all, this order should be modified. But that it is a final order we have no doubt, and being so, it is appealable.

The motions must be denied.

The other Justices concurred.