[S. F. No. 5030. In Bank.—October 21, 1908.]

## J. DE FORREST, Petitioner, v. J. V. COFFEY, Judge of the Superior Court, Respondent.

RECEIVER OF INSOLVENT BANK—CONTROL OF COURT OVER.—Where an insolvent bank and its assets have been placed in the hands of a receiver, in pursuance of an action instituted for that purpose by the attorney-general in the name of the people of the state, the court holds the property and administers the insolvent estate through the receiver in the interest and for the benefit of those who it may ultimately determine are entitled to it. The receiver is under the control of the court, as is the property of which he is the custodian, and while the court will not permit any interference with such property without its leave, neither will it withhold such property from one who shows he is entitled to it.

ID.—INDEPENDENT SUIT AGAINST RECEIVER—DISCRETION OF COURT TO PERMIT.—Whether the court will permit, upon application, an independent suit to be brought relative to the property in the hands of the receiver, or will compel intervention in the proceeding in which the receiver is appointed, is a matter for its discretion. It is not required to assume jurisdiction of all controversies to which the receiver may become a party, but may upon application permit them to be determined in some other competent tribunal. It is not, however, in all cases required to do so, but may reserve to itself the determination of these matters in the original proceeding in which the receiver was appointed, when such rights can be as fairly determined by intervention as if an independent action were brought.

ID.—WHEN COURT SHOULD PERMIT INDEPENDENT SUIT.—When the court cannot afford the same relief in intervention as a claimant would be entitled to in an independent action, or where by virtue of some statutory or constitutional provision a particular kind of action must be brought in some jurisdiction other than where the original special proceeding is pending, the court should grant leave to bring it, and it would be an abuse of discretion not to do so.

ID.—RIGHT TO PROPERTY IN HANDS OF RECEIVER—PREFERENTIAL LIEN ON PROPERTY.—The court having control of the original proceeding in which the receiver was appointed, has jurisdiction to determine, on intervention, a controversy involving the simple question of the right of a claimant to recover personal property in the hands of the receiver, or to have a preferential lien impressed in his favor upon the assets of the insolvent bank in the hands of the receiver; and it is not an abuse of discretion for it to deny such claimant leave to bring an independent suit against the receiver to determine such controversy, and to require him to intervene for the purpose of enforcing his claim.

ID.—PROCEDURE ON INTERVENTION—TRIAL OF ISSUES—RIGHT OF APPEAL. In accordance with a rule established by the court having control of the action in which the receiver was appointed, the petitioner upon intervening could allege the facts upon which his claim of relief was founded, and upon the answer of the receiver the court would proceed to determine the issues raised. If these were such as required a trial by jury, the court has power to call a jury and have the issues tried before it as in any other action. The trial of the issues proceeds as in any ordinary action, and findings of fact and conclusions of law are made and filed as required in other actions and judgment entered allowing or denying the claim asserted. The proceeding, while in the nature of an intervention, is substantially an independent action, from the judgment in which any party aggrieved may appeal.

APPLICATION for a Writ of Mandate against the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Milton T. U'Ren, for Petitioner.

J. V. De Laveaga, and E. Delos Magee, for Respondent.

LORIGAN, J.—This is an application for a writ of mandate to compel the respondent, as judge of the superior court, to make an order granting leave to the petitioner to bring an action against E. J. Le Breton, as receiver of the California Safe Deposit and Trust Company, a banking corporation, to recover from said receiver the sum of twenty-one hundred dollars alleged to be in his possession but belonging to the petitioner.

The petition for the writ sets forth, [referring to its recitals in a general way], that for a long time prior to the thirtieth

day of October, 1907, the California Safe Deposit and Trust Company was a corporation organized under the laws of this state and engaged in a general banking business in the city and county of San Francisco; that on the last mentioned date, about the hour of two o'clock P. M., said bank, being insolvent, suspended payments and ceased to do business; that notwithstanding this, the officials of the bank permitted and allowed its receiving teller to remain at the receiving window of said bank and accept deposits; that on said thirtieth day of October, 1907, about the hour aforesaid, the petitioner, having no knowledge of the insolvency of the bank or that it had ceased to do business, deposited with said bank, and there was accepted by said receiving teller, with the full knowledge of the insolvency of the bank, the sum of twenty-one hundred dollars, which consisted of a check drawn upon the Anglo-Californian Bank Limited, by the California Title Insurance and Trust Company, payable to the petitioner and duly indorsed by him and delivered to the receiving teller; that the said California Safe Deposit and Trust Company immediately upon acquiring possession of said check caused it to be carried by special messenger to the Anglo-Californian Bank, where it was cashed by said bank and the twenty-one hundred dollars carried back to the office of the California Safe Deposit and Trust Company, which took control and possession of the money and retained possession thereof until said money was taken possession and control of by the bank commissioners of the state of California, and thereafter delivered into the possession of said E. J. Le Breton as a receiver; that after the bank commissioners had so taken possession of this money, together with the property and effects of said California Safe Deposit and Trust Company, an action was commenced on December 9, 1907, in the department of the superior court of the city and county of San Francisco, of which the respondent is presiding judge, in the name of the people of the state, by the attorney-general thereof, against the said California Safe Deposit and Trust Company and its directors and trustees, to have it decreed that said corporation was insolvent and to have a receiver appointed for the purpose of winding and closing up the affairs of said corporation; that thereafter on a hearing duly had a decree was entered by said superior court adjudging said corporation insolvent, prohibiting its

directors and trustees from transacting any further business and appointing E. J. Le Breton receiver of said bank for the purposes of liquidation under the direction of said court, and ordering said bank commissioners to surrender the property of said corporation then in their possession to said E. J. Le Breton as receiver of said bank; that said E. J. Le Breton qualified as such receiver and the bank commissioners delivered to him the property and assets of said bank, and in particular delivered to him said sum of twenty-one hundred dollars, of which the said receiver is now in possession. That on April 15, 1908, petitioner filed a verified petition setting forth the above facts, and asking for an order of court allowing and permitting him to file an independent action against the said E. J. Le Breton as receiver to compel him to deliver and pay over to the petitioner the said sum of twenty-one hundred dollars deposited in said bank as aforesaid, which petition coming on for hearing, after notice to the receiver, was by the respondent denied.

Petitioner now applies to this court in this original proceeding in *mandamus* to compel the respondent to grant said order permitting him to sue said receiver.

The answer to the petition here avers that the superior court of the city and county of San Francisco, respondent presiding therein, had duly made it a rule of practice and procedure that all matters, things, causes of action or petitions affecting in any way the possession of any property whatsoever in the hands of E. J. Le Breton, as receiver of the California Safe Deposit and Trust Company, or in any way affecting the assets thereof, in the hands of said receiver or the distribution thereof, shall be tried by a petition in the nature of an intervention filed by the person claiming any rights with reference thereto, in the action wherein said receiver was appointed "and that upon the filing of said petition said superior court shall thereupon and *ex parte* make and give its order directing . . . such receiver to show cause upon a day fixed . . . why the relief prayed in the petition in intervention shall not be granted, and that upon such hearing the said superior court shall proceed to try such issue of fact or law as the said receiver may raise to said petition in the manner of the trial of an ordinary action at law, and that, upon a final hearing of such issues . . . the said superior

court shall make its decision and judgment and shall file its findings of fact in the manner of an ordinary action."

While other matters are stated both in the petition and answer, those which we have mentioned are the material ones and form the basis upon which the legal proposition involved is to be determined.

The original proceeding in which the receiver was appointed is still pending in the superior court, but the petitioner did not file any petition in the nature of an intervention in that proceeding itself, as required by the rule of practice and procedure set forth in the answer. In fact, the position he assumes on the application for this writ of mandate is that he was not required to do so, but had an absolute right, on his application therefor, to have an order of court made granting him leave to maintain a separate and independent suit in another tribunal against the receiver for the recovery of the property and that it was the clear duty of respondent to have granted him such leave. It must, of course, be conceded that if upon the showing made upon the application for leave to sue, no discretion was left to respondent but to grant the petition, then petitioner is entitled to the issuance of this writ of mandate to compel respondent to act as the law required him to do.

This brings us to the real question in issue,—namely, whether upon that showing any discretion was vested in the court to grant or refuse the application.

It is claimed by the petitioner upon the facts set forth in his petition that the bank having received his deposit after it had become insolvent, the title to the deposit never passed from him, and that, notwithstanding it went into the hands of the receiver as an apparent asset of the insolvent corporation, petitioner had a right to maintain an action at law against the receiver to recover the full amount of said deposit.

The position of the respondent is, that conceding the receipt of the money by the bank while insolvent, still the title to the property passed to the bank subject to a right on the part of petitioner to rescind the contract of deposit for fraud and to recover the money as a trust fund if he is able to trace it; and, hence, a suit against the receiver is purely of an equitable nature. We do not discuss these different theories as to the nature of the action the petitioner might maintain,

because it is of no moment to the question here. The only proposition with which we are concerned is, did the court have the discretion to require the petitioner to litigate his claim, whether legal or equitable, by intervening in the proceeding in which the receiver was appointed, and that it had, we think is well settled by the authorities.

Independent of the fact that but one form of action is permitted in this state, whether the action is of a legal or equitable nature, it is to be observed that the same tribunal which has jurisdiction in a special proceeding involving the liquidation of an insolvent banking corporation, has also ample legal and equitable jurisdiction to grant the petitioner any relief which the facts alleged in his petition may entitle him to. There is nothing in the procedure, with reference to special proceedings involving the liquidation of insolvent banking corporations, which limits or constrains the exercise of the ample legal and equitable powers of the superior court, so that one making such a claim as the petitioner does here, against the receiver, as to the assets of the corporation, cannot have his claim as fully and fairly determined by intervention therein as by bringing an independent action. For the purposes of present consideration it must be assumed that the money, to which the petitioner asserts his right, came into the possession of the receiver and is held by him under claim that it is a part of the assets of the insolvent corporation. While the court in the special proceeding for liquidation takes charge of the assets of an insolvent bank and holds them through its officer, the receiver, it only does so to conserve the interests of those who are properly entitled to share in them. It assumes the administration of the entire estate; controls the conduct of the receiver, who is its officer, and whose possession of the assets is the possession of the court; it holds the property and administers the insolvent estate through the receiver in the interest and for the benefit of those who it may ultimately determine are entitled to it. The receiver is under the control of the court, as is the property of which he is the custodian, and while the court will not permit any interference with such property without its leave, neither will it withhold such property from one who shows he is entitled to it. But whether the court will permit, upon application, an independent suit to be brought relative to the property in the

CLIV Cal.—29

hands of the receiver, or will compel intervention in the proceeding in which the receiver is appointed, is a matter for its discretion. It is not required to assume jurisdiction of all controversies to which the receiver may become a party, but may upon application permit them to be determined in some other competent tribunal. It is not, however, in all cases required to do so, but may reserve to itself the determination of these matters in the original proceeding in which the receiver was appointed, when such rights can be as fairly determined by intervention as if an independent action were brought. When the court cannot afford the same relief in intervention as a claimant would be entitled to in an independent action, or where by virtue of some statutory or constitutional provision a particular kind of action must be brought in some jurisdiction other than where the original special proceeding is pending, the court will undoubtedly grant leave to bring it, and it would be an abuse of discretion not to do so. So, too, even in cases where it would be proper for the court to dispose of the controversy under an intervention in the original special proceeding, it may, nevertheless, grant permission to bring an independent suit. It is not, however, required to do so, and when by virtue of its ample legal and equitable jurisdiction it can grant full relief in all proper form of law to a party asserting a claim against the receiver by his intervening in the original proceeding, it is no abuse of discretion to refuse him permission to bring an independent suit. This is the rule as uniformly laid down by the authorities.

It is said by High in his work on Receivers, section 254b: "The more common practice, and that which has been generally commended by the courts, is to hear and determine all rights of action and demands against a receiver by petition in the cause in which he was appointed, without remitting the parties to a new and independent suit; and it rests wholly within the discretion of the court to grant leave to bring an independent action against its receiver, or to determine the controversy upon petition in the original cause, directing, if necessary, an issue to be tried by a jury as to questions of fact or of damages. . . . So, if an equitable right or title is asserted in property which is in the custody of a receiver, the court will not ordinarily permit an action to be brought

against him, but will require the claimant to proceed by petition; and persons having a claim or lien upon a fund in a receiver's hands should assert such claim by petition, rather than by an action against the receiver."

The same rule is stated in Alderson on Receivers, section 523, where the author says:. "It rests in the discretion of the court to allow a party claiming rights against its receiver to bring an independent action against him, or to compel such party to proceed against him by petition in the action in which he is receiver. . . . If the relief is sought by an intervening petition, the court may direct that issues of fact be tried by a jury, and whether such issues shall be tried by a jury or referred to a master for determination and investigation, is a matter in which the court may exercise its discretion. Persons having claims against property in the hands of a receiver are not required to institute a new action to enforce them, but instead of asking leave to bring such action they may intervene in the original suit by petition and have their rights adjudicated, and this is the common practice. . . . If, when leave to sue is asked, it appear that the case is plain and that there is no necessity for instituting a new suit, the court may proceed to a final determination. An order denying an application to sue a receiver will be affirmed unless there has been an abuse of discretion."

Pomeroy, in his work on Equity Jurisprudence, volume 5, section 177, says: "While it is in some instances proper to direct the prosecution of an action at law against a receiver to determine the amount of compensation or damages to be paid, the better and more commonly recognized practice is to apply for relief to the court in which the receiver is acting."

(See, also, *Meeker* v. *Sprague,* 5 Wash. 243, [31 Pac. 628]; *Mechanics' National Bank etc.* v. *Landauer,* 68 Wis. 44, [31 N. W. 160]; *Melendy* v. *Barbour,* 78 Va. 544; *Kennedy* v. *I. C. & L. R. Co.,* 3 Fed. 97; *Gunning* v. *Sorg,* 113 Ill. App. 332; *Barton* v. *Barber,* 104 U. S. 126, and *Porter* v. *Sabin,* 149 U. S. 473, [13 Sup. Ct. 1008].)

In the latter case, 149 U. S. p. 479, [13 Sup. Ct. 1010], it is said: "It is for the court, in its discretion, to decide whether it will determine for itself all claims for or against the receiver or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on

by the receiver in other tribunals or may leave him to adjust or settle them without suit, as in his judgment may be most beneficial to those interested in the estate. Any claims against the receiver or the corporation, the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; but no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him."

Aside from these authorities, this court has in *Pacific Railway Co.* v. *Wade,* 91 Cal. 449, [25 Am. St. Rep. 201, 27 Pac. 768], recognized this as the established rule. In that case the question was whether the court, in the original proceeding in which the receiver was appointed, had jurisdiction to determine the amount of damages which would be sustained by the insolvent street-railway company in having its track intersected and used by another street-railway company. It was held that it had, this court, in 91 Cal. 453, 455, [25 Am. St. Rep. 201, 27 Pac. 769], saying: "The question to be determined is, simply, whether the court, which, through its receiver, has the custody and control of the insolvent corporation's property, has the power to determine the compensation, . . . or whether the electric company must . . . bring an action therefor against the receiver with the permission of the court. . . . The only question to be determined is, what is the amount due the cable company? It is like any other claim for damages or compensation in favor of a corporation whose property is in the hands of a receiver, and is to be determined in the same way. As to the manner of determining such question, there has been some discordance of opinion among judges, but so far as we have investigated the subject, there had been no conflict of decisions; the cases all hold that while it is, under certain circumstances, proper to direct the prosecution of an action at law against the receiver to determine the amount of compensation or damages to be paid, the better and more commonly recognized practice is to apply for relief to the court by petition in which the receiver is acting. The rule applies to all cases of damages to person or property, whether occasioned prior or subsequent to the appointment of the receiver."

Certainly, no sound reason can be advanced why, if the court has the right to take jurisdiction of the question of damages in the original proceeding in which the receiver is appointed, it has not equally jurisdiction to determine the simple question of the right of the petitioner to recover personal property in the hands of the receiver, or to have a preferential lien impressed in his favor upon the assets of the insolvent corporation in the hands of the receiver.

Within the rule of these authorities it is therefore apparent that there was no abuse of discretion in denying the application of petitioner for leave to bring an independent suit. Under the procedure established by the superior court the petitioner, upon intervening, could allege the facts upon which his claim of relief was founded and upon the answer of the receiver the court would proceed to determine the issues raised. If these were such as required a trial by jury, the superior court, as such, has power to call a jury and have the issues tried before it as in any other action. The trial of the issues proceeds as in any ordinary action and findings of fact and conclusions of law are made and filed as required in other actions and judgment entered allowing or denying the claim asserted. The proceeding, while in the nature of an intervention, is treated as substantially an independent action, from the judgment in which any party aggrieved may appeal. (*Pacific Railway Co.* v. *Wade,* 91 Cal. 456, [25 Am. St. Rep. 201, 27 Pac. 768]; *First National Bank* v. *Barnum etc.,* 58 Mich. 315, [55 Am. Rep. 660, 24 N. W. 543, 25 N. W. 202]; *Porter* v. *Kingman,* 126 Mass. 141; High on Receivers, sec. 254c; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, [96 Pac. 803].)

In fact, after the intervention, the court having jurisdiction in the original proceeding in which the receiver is appointed can do as complete and exact justice as to the claim of petitioner as if he were asserting it in an independent action, at the same time the intervention affording all parties an opportunity for a more simple and expeditious determination of the controversy than an independent action would. In determining the right of the petitioner under the intervention, the court proceeds under the same rules and grants him the same relief as if he were the plaintiff in an independent suit, and the same right of appeal is preserved to him. He is deprived

of no right in the intervention which he is guaranteed under the law in an independent action, should he have been permitted to bring one, and this being so, there was no abuse of discretion in refusing to grant leave to bring such independent suit.

We are not cited by petitioner to any authority which supports his claim that it was the legal duty of the court to allow him by an independent action to assert the character of the claim against the receiver which his petition discloses. None are cited from other jurisdictions and the cases of *Tapscott* v. *Lyon*, 103 Cal. 297, [37 Pac. 225], and *Murray* v. *Etchepare*, 132 Cal. 286, [64 Pac. 282], cited from this court, involve no question of the exercise of discretion upon an application for leave to bring an independent action. All they declare is, that leave to sue a receiver will never be refused by the court in a proper case, which is, undoubtedly, true. The discretion which is vested in the court on the subject is a discretion which is regulated by fixed rules of law. It is not an absolute or arbitrary discretion. If a petition for leave to bring an independent suit discloses a case where it should be granted, it is the duty of the court to do so, and it doubtless would. If it does not it will be compelled by *mandamus* to do it. But the petition here does not disclose such a case. Under the authorities, as we have seen, it was discretionary with the court to either grant or refuse his application, and, hence, there was no proper case requiring leave to be granted.

The case of *Petaluma Bank* v. *Superior Court*, 111 Cal. 488, [44 Pac. 177], cited by petitioner, has no bearing on the matter involved here. It appears from that case that in a divorce action a receiver had been appointed to take charge of the property of the husband in order to secure the payment of alimony which had been decreed the wife. Prior to the appointment of the receiver, the Petaluma Bank had obtained judgment against the husband defendant in the divorce suit which became a lien upon the lands owned by him and of which the receiver in the divorce action was directed to take possession. The bank, being about to have said lands sold to enforce the lien of its judgment, applied to the superior court in the divorce suit for an order directing its receiver not to interfere with the officers of the superior court in which its judgment had been obtained in the lawful execution of said

judgment. The order was refused. It will be observed that the application was not for permission to sue the receiver; it was simply for permission to the bank to take such steps as the law afforded to enforce the lien of its judgment against property, the possession of which the receiver was ordered to take. On application to this court for *mandamus* to compel the superior court to make the order the writ was denied, this court holding that the Petaluma Bank had an absolute legal right to enforce its lien against the property without at all applying to the superior court for permission to do so. It is obvious that there is a radical difference in the case cited and the matter at bar. A receiver in a divorce case only conserves the property of the husband for the purpose of securing the wife in her claim to alimony. He has nothing to do with claims of the creditors of the husband. In the case cited no question of permission to sue the receiver was involved. No such application could have been made, as there was no suit to be brought against him and the enforcement of the lien of the judgment obtained by the bank could not at all physically disturb the possession of the receiver. The bank was enforcing a pure, fixed, legal right, the exercise of which it was held, the court appointing the receiver could not control. But in an insolvency proceeding the court sequesters the estate of the insolvent and its receiver holds it for the benefit of all the creditors. It has plenary power over the assets of the estate and one who asserts a claim against them must not only apply for permission to do so, but under the authorities it is discretionary with the court to reserve to itself the determination of the validity of the claim, or to permit it to be litigated in some other competent tribunal, and as far as the nature of the claim asserted here is concerned, the opinion in the Petaluma Bank case contains nothing contrary to the general rule as established by the authorities to which we have heretofore referred.

The superior court, therefore, was not guilty of any abuse of discretion in refusing to permit petitioner to bring an independent suit, and was entirely warranted in reserving to itself the determination of the validity of the claim made by petitioner against the receiver.

The alternative writ is discharged and the petition dismissed.

Shaw, J., Angellotti, J., Sloss, J., and Henshaw, J., concurred.

Beatty, C. J., dissented.