[Civ. No. 8059.   First Appellate District, Division Two.—December 17, 1931.]

W. W. SELBY, Appellant, v. JAMES L. ALLEN et al., Respondents.

258

Ben F. Gray for Appellant.

James L. Davis and Sharpless Walker for Respondents.

STURTEVANT, J.—As assignee of certain claimants, the plaintiff sued to obtain a judgment enforcing an alleged judgment which purported to fix his interest in a certain fund. From a judgment in favor of the defendants the plaintiff appealed.

Prior to the year 1924 the Pacific Corporation had undertaken the sinking and development of well No. 16, and had sold fractional interests in the production to a large number of persons. In March, 1924, A. J. Charlé and many others claiming to hold interests, commenced an action to have their interests determined, to obtain an accounting, and to recover the several sums so found to be owing to such claimants. That action was number 16653 of the records of the Superior Court in and for the County of Orange. Thereafter that action was tried and findings in favor of the plaintiffs therein named were filed on September 3, 1925. The findings are very long. From them we gather the following facts: In 1922 Muriel S. Lieberman was the owner of the land. She executed a lease to R. C. Steel. He and his associates caused to be organized a corporation. The lease was assigned to the corporation. To the lessor the corporation assigned 22½ per cent of the production. To Steel, Biel and Detwiler, the organizers, it assigned 32½ per cent of the production. The remaining 45 per cent of the production was held for sale in units. The units were sold and from the proceeds well No. 16 was developed and oil and other products were taken out in large quantities. The

sales of units sold as above mentioned were made to a large number of different persons. The court made a finding that Muriel S. Lieberman by the terms of the lease was the owner of 22½ per cent. Of the remaining 77½ per cent the court made a finding in which it stated the names of the individuals and firms holding interests and the exact per cent of each holding. The total interests so found amounted to 100 per cent of the whole. In that list neither the name of this plaintiff nor the name of any one or all of the assignors appears. With much care the court found and determined the assets of the Pacific Corporation, and the nature, extent, value and the name of the holder thereof. Having done so the court proceeded to make a finding in which it listed the names of the holders of such interests and the amount of money to which each of said persons was entitled out of said fund. Neither the name of this plaintiff nor the name of any or all of his assignors appears on said list. In accordance with said findings judgment was entered September 3, 1925. From recitals it appears that at an early date in the proceedings B. E. Travers was appointed receiver and by the terms of the findings he was continued in office for the purpose of carrying the judgment into effect. How long he continued to act does not appear. But it does clearly appear that after the above-mentioned judgment was entered the plaintiffs named these defendants as trustees for the plaintiffs in action No. 16653, that they entered upon the discharge of their duties and thereafter acted for the said plaintiffs in the enforcement of their judgment and in operating the said well.

From the judgment an appeal was taken. Said appeal was dismissed and the *remittitur* went down and was filed October 1, 1926.

On November 9, 1926, George Cunningham presented in action No. 16653 a purported petition. Therein he claimed to represent himself and certain other persons who claimed to hold interests in said funds hereinabove described and he asked to have their interests determined. An order to show cause was issued directing both the plaintiff and the defendants to show cause why the petition should not be granted. On December 16, 1926, the petition was heard and the court made an order purporting to grant said petition. On the same day in the same action the court made an

order purporting to settle the final account of the receiver, who was represented by Mr. Gray. As a part of the order settling the receiver's account directions were inserted authorizing and directing the receiver to pay the Cunningham claims as so allowed. Later, on August 13, 1928, this plaintiff, as the assignee of Cunningham, commenced this action to enforce the order of December 16, 1926, which purported to grant the petition of Cunningham. He named the said trustees as defendants. The defendants answered and a trial was had. The court made findings in favor of the defendants and from the judgment entered thereon this appeal was taken.

The plaintiff asserts that action No. 16653 "was instituted by certain plaintiffs in their behalf, and on behalf of all similarly situated". An inspection of the records shows that it was commenced by a large number of persons as the named plaintiffs and that some others, also named, came in, but that all plaintiffs acted in behalf of themselves and not otherwise. In this action the trial court made findings to the same effect. The distinction will be found to be of importance as we proceed.

In his first point he asserts that the order, December 16, 1926, was a judgment and that he is entitled to enforce it as such. He cites and relics on *De Forrest* v. *Coffey,* 154 Cal. 453 [98 Pac. 27] ; *Pacific Railway Co.* v. *Wade,* 91 Cal. 455 [25 Am. St. Rep. 201, 13 L. R. A. 754, 27 Pac. 768] ; 22 Cal. Jur. 460. The defendants reply that said authorities are not applicable because they are concerned solely with actions under the Bank Act or federal statutes providing for the creation of receiverships, whereas action No. 16653 was an action to establish a fund and to determine the rights of the owners therein and that the appointment of a receiver was purely ancillary thereto. The distinction is clearly correct and the rule applicable in the instant case is to be found in 22 California Jurisprudence, pages 432, 433. In other words, action No. 16653 was brought for the purpose of having ascertained the fact whether the plaintiffs named owned an interest in the fund and that fact was so ascertained by the judgment dated September 3, 1925, and that judgment became final October 1, 1926. By that judgment interests in the sum of 100 per cent were so determined. In the absence of fraud those facts could not

be again taken up and determined by the parties. (Code Civ. Proc., sec. 1908; *Sharon* v. *Sharon,* 79 Cal. 633 [22 Pac. 26, 131] ; 14 Cal. Jur. 1064.) Much less could it be done by a stranger (1 Black on Judgments, sec. 317). The plaintiff's clear remedy was intervention. (Code Civ. Proc., sec. 387.) He knew the action was pending and did not examine the record to see that he was not a party. He waited till the judgment became final. At that time he could not intervene. (*Kelly* v. *Smith,* 204 Cal. 496 [268 Pac. 1057] ; *Mack* v. *Eummelen,* 31 Cal. App. 506 [160 Pac. 1096].) It follows that the orders of December 16, 1926, in so far as they purported to change or modify the final judgment were void. (*Estate of England,* 214 Cal. —— [5 Pac. (2d) 428].) As this plaintiff and his assignees were not parties they are not bound by the judgment dated September 3, 1925, but if they claim any rights, such rights can be determined only in some action to be instituted by them against those liable to them.

After the judgment was rendered in action No. 16653 giving the plaintiffs in said action a money claim, they obtained permission from the court allowing them to take out an execution against the interests owned by the promoters. Those interests were sold and bought in for the plaintiffs in that action. Clearly the plaintiff in this action did not acquire and may not assert any rights in or to that property.

The plaintiff claims the evidence was insufficient to justify the findings made in this case. There is no merit in any of his attacks. The plaintiffs in action No. 16653 offered in evidence the files in that action as proof of their defense in this action. From the face of that record their defense was fully established.

The plaintiff also claims that the trial court erred in receiving evidence. The burden of these attacks is that the trial court received evidence that was immaterial. Conceding, but not deciding, that it did so, the fact remains that the defense was proved by evidence that was competent, material and relevant and this plaintiff was not prejudiced.

The plaintiff claims the trial court failed to find on certain issues. However, the issues found support the judgment. If the other issues had been found in favor of the plaintiff he would not have been entitled to judgment.

He may not complain. (2 Cal. Jur. 1032, 1033.) We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.