[Civ. No. 11562.  First Appellate District, Division Two.—March 10, 1941.]

F. V. L. TOWNSEND et al., Plaintiffs and Respondents, v. WILL H. PERRY, Appellant; ANNA BAUMANN, Petitioner and Respondent.

C. E. Spencer for Appellant.

Thomas F. McCue for Petitioner and Respondent.

STURTEVANT, J.—From an order directing the receiver to deliver the possession of property, both real and personal, and from an order refusing to vacate the former order, the defendant Perry has appealed.

Heretofore H. O. Harrison and Daisy Harrison, his wife, were the owners of lot 23 of tract 2289 in the city and county of Los Angeles, together with the building standing thereon occupied as a hotel and for certain business purposes. On May 1, 1930, they executed promissory notes in the sum of $500,000 in favor of Lane Mortgage Company and to secure the payment thereof they executed a trust deed naming the Bank of America as trustee and Lane Mortgage Company as beneficiary. Anna Baumann, hereinafter mentioned as the petitioner, and numerous other persons became the owners of the said promissory notes. Thereafter B. L. Vaughn and Adele J. Vaughn, his wife, became the owners of the real estate above mentioned. On November 1, 1931, the Vaughns executed to Lane Mortgage Company a promissory note in the sum of $5,000 and to secure the payment thereof they executed a trust deed in which they named the Bank of America as the trustee and the Lane Mortgage Company as the beneficiary. The title of one of the tenants was assigned to the defendant and he entered into possession of the property as a tenant. Thereafter under the terms of said deed of trust executed by the Vaughns a sale was had and the property was sold to F. V. L. Townsend, Henry G. Bedford, J. A. Mottashed and Jacob D. Poorman, the plaintiffs in this action. On April 23, 1937, the plaintiffs commenced this action in unlawful detainer against Will H. Perry alleged to be in possession of said property. Before commencing said action the plaintiffs caused to be served a notice as provided in section 1161a of the Code of Civil Procedure. Later Perry filed an answer admitting that he held his title subject to a first trust deed executed to secure $500,000 of notes. On the

28th day of April, 1937, the trial court appointed C. E. Spencer, the attorney for the defendant, and Henry O. Wackerbarth, the attorney for the plaintiffs, as receivers. Thereafter they duly qualified and entered into the possession of said property.

The Harrisons and their successors in interest defaulted in the payment of interest and on March 18, 1937, Anna Baumann, as a bondholder, in behalf of herself and the holders of other bonds, commenced an action to foreclose the deed of trust theretofore executed by the Harrisons. In due time a decree was awarded to Anna Baumann and the property was sold to the agent of the bondholders on August 25, 1937. From the order of sale in the action last mentioned an appeal was taken and is now pending. The record does not show that a stay was had. Thereafter an action in partition was commenced. It was entitled *Anna Baumann* v. *Henry E. Bedford et al.* Still later another action in claim and delivery involving title to the furnishings, etc., in the building was commenced. That action was entitled *W. B. Goes* v. *Will H. Perry et al.*

Each and all of said actions were, on August 25, 1937, pending in the same department of the same court. On that date Anna Baumann appeared in the unlawful detainer action, filed a petition and served notice that on the 1st day of September, 1937, she would move the court for an order directing the receivers to surrender to her the property hereinabove described. The defendant Perry filed written objections, a demurrer, and also an answer. The petition came on for hearing on the 3d day of September, 1937. On that date some proceedings were had in said court in each of said actions. In this action no witness was called and examined and no document was formally offered in evidence. On December 10, 1937, the trial court ordered the objections overruled, the demurrer overruled, and that the petition be granted. It also made orders appointing H. F. Metcalf receiver of the real property involved in the action entitled *Baumann* v. *Bedford,* and also receiver of the personal property involved in the case of *Goes* v. *Perry.* Thereafter, on December 14, 1937, the defendant Will H. Perry served a notice that on December 16, 1937, he would move the court for an order vacating the order directing the receivers to surrender possession of the real estate described in the petition of Anna Baumann. The latter

motion was heard and denied on December 16, 1937, and from those orders the defendant Perry has appealed.

Claiming the orders last mentioned were in effect a final decree, the defendant contends they were appealable. (*Fish* v. *Fish*, 216 Cal. 14 [13 Pac. (2d) 375].) The petitioner makes no reply. We will assume, without deciding, that the orders were appealable. The defendant earnestly contends the orders deprived him of his property without due process of law. A most cursory examination of the record discloses that the orders were purely ancillary to the issues involved. Neither order attempted to determine title to any property. Therefore we find no merit in that contention. (16 C. J. S. 1233; see, also, *Pacific Railway Co.* v. *Wade*, 91 Cal. 449, 455-457 [27 Pac. 768, 25 Am. St. Rep. 201, 13 L. R. A. 754].)

In his next point the defendant asserts that as Anna Baumann did not intervene in the unlawful detainer action and was not made a party to it, she could not demand any relief. That point has no merit. The trial court had regularly appointed the receivers. It is settled law that their possession could not be disturbed without permission of the court. (22 Cal. Jur. 499.) In filing a petition the petitioner was not in any proper sense asking relief in unlawful detainer, she was merely attempting to protect her own interest. She was asking no determination of title.

In his next point the defendant states the court erred in ordering the surrender of the property to a stranger to the action upon the petition of a non-intervener whose rights, if any, are solely dependent upon contested issues alleged in still other cases. That point is the gist of the grievance of the defendant in this action. Conceding, without deciding, that the petitioner might have intervened in the unlawful detainer action, she was not bound to do so. In certain instances, as a third party claimant, she had the right, after first obtaining permission of the court, to intervene, to maintain a separate action, or to appear in the unlawful detainer action and make a motion for relief. (53 C. J. 122 and 330; 1 Clark on Receivers, 746, 750.) She selected the latter remedy, that is, she appeared and filed a verified petition. That was one proper course to take. (53 C. J. 122; *De Forrest* v. *Coffey*, 154 Cal. 444, 450-453 [98 Pac. 27].) She gave notice of her intention to move and in that notice of intention

she recited that her motion would be supported by her verified petition, or in other words, her affidavit. That procedure was authorized by the statute. (Code Civ. Proc., secs. 1003 and 2009.) At the time stated in the notice she made her motion and read her petition. No one presented or filed any affidavit in opposition. The defendant Perry had filed an answer. The record does not disclose that he read it. Assuming that he did, the most that can be said is there was a conflict in the evidence. However the defendant's answer alleged no facts showing he held any title to the property that was superior to the lien of the $500,000 bond issue, the title held by the petitioner. In the absence of such a showing the trial court would not withhold from the petitioner the relief asked in her petition. (*Bolich* v. *Prudential Ins. Co. of America,* 202 N. C. 789 [164 S. E. 335, 337, 82 A. L. R. 974].)

In connection with the point discussed last the defendant vigorously contends the trial court had no power to take notice of the records, files, and documents on file in its court in the other actions above enumerated because they were not formally offered in evidence. Conceding, without deciding, that it did not have power to take judicial notice of such actions, nevertheless from the record it does not appear the defendant was in any manner prejudiced by the contents of any record noticed by the trial court. (*Schomer* v. *R. L. Craig Co.,* 137 Cal. App. 620, 627 [31 Pac. (2d) 396].)

The orders appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied April 9, 1941, and appellant's petition for a hearing by the Supreme Court was denied May 8, 1941.